UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ALFRED PISACANO,                              :
                    Plaintiff            :
                                            :
          v.                                           :         No. 2:18-cv-03182
                                            :
COMMISSIONER OF SSA,                    :
                    Defendant         :
_____

**O R D E R**

**AND NOW**, this 26th day of June, 2020, upon consideration of Plaintiff's Complaint, ECF No. 1; Defendant's Answer, ECF No. 5; the Administrative Record, ECF No. 7; Plaintiff's Brief and Statement of Issues in Support of Request for Review, ECF No. 8; Defendant's Response to Request for Review, ECF No. 11; Plaintiff's Reply, ECF No. 12; the Report and Recommendation ("R&R") of United States Magistrate Judge Marilyn Heffley finding that Plaintiff did not forfeit his Appointments Clause claim by not raising it before the agency and recommending that the matter be remanded for a new hearing before a different, properly-appointed ALJ, ECF No. 14; the Orders staying this action pending a decision by the Third Circuit Court of Appeals on the Appointments Clause waiver issue, ECF Nos. 16, 18; the Status Report filed by Defendant stating that the Third Circuit Court of Appeals has issued a decision in *Cirko, obo Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), holding that the plaintiff had not forfeited his Appointments Clause claim by failing to raise it during administrative proceedings, and that Defendant does not contest the applicability of *Cirko* to this case, ECF No. 20; and in the absence of objections to the R&R; **IT IS ORDERED THAT**:

1.      The Report and Recommendation, ECF No. 14, is **APPROVED and ADOPTED**.[1]

2.      Plaintiff's Request for Review, ECF No. 8, is **GRANTED**, and the decision of the Commissioner of the Social Security Administration is **REVERSED** to the extent that the matter is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

3.      This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of the V.I. v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).
The Court does not find any plain error in the Magistrate Judge's factual findings or legal conclusions. *See Cirko*, 948 F.3d 148.